IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIF GOLDWIRE | : | CIVIL ACTION NO. 14-cv-5935 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER JEFFREY WALKER (Badge No. 3730), individually and in his official capacity as a Police Officer for the City of Philadelphia | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER BRIAN REYNOLDS (Badge No. 4268), individually and in his official capacity as a Police Officer for the City of Philadelphia | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER THOMAS LICIARDELLO, (Badge No. 4383), individually and in his official capacity as a Police Officer for the City of Philadelphia | : | |

**FIRST AMENDED COMPLAINT**

I. **PRELIMINARY STATEMENT**

1. Plaintiff brings this action under 42 U.S.C. §1983, seeking redress for the conduct of former Police Officers, Jeffrey Walker, Brian Reynolds, and Thomas Liciardello, who used improper and unconstitutional means to secure search warrants by lies, deceit and misrepresentation, subjecting citizens to illegal searches of their person and property and subjecting citizens to illegal arrest, detention, prosecution and jail sentences. The actions and conduct of the defendant Police Officers were the result of policies, practices, customs and deliberate indifference on the part of the defendant, City of Philadelphia, including the failure to take disciplinary and remedial action against the defendant Officers and other Philadelphia Police Officers, despite documented records of misconduct and abuse of authority. This case is one of approximately 100 cases filed in this Court dubbed "NFU" cases involving the named Defendants and other Officers in the same narcotic squad all of whom had a reputation for corruption, falsifying evidence, instituting false arrests and accusing citizens of crimes they had not committed. As a result of the false attests and malicious prosecutions these officers earned praise from their superiors and padded their paychecks by earning extra money through court time. As Narcotic Officers, they were able to steal money and drugs and otherwise line their pockets at the expense of those falsely accused of narcotic crimes.

II. **JURISDICTION**

2. This action is brought pursuant to 28 U.S.C. §§1331 and 1343(1), (3), (4), and the aforementioned statutory provision.

III. **PARTIES**

3. Plaintiff is Khalif Goldwire, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

4. Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

5. Defendant, Police Officer Jeffrey Walker (Badge No. 3730), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

6. Defendant, Police Officer Brian Reynolds (Badge No. 4268), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

7. Defendant, Police Officer Thomas Liciardello (Badge No. 4383), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

## IV. FACTS

8. For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct.

9. The City of Philadelphia has failed to take appropriate remedial measures to prevent

misconduct of this nature.

10. On or about April 17, 2003, plaintiff was arrested and charged with various drug, firearms violations and criminal conspiracy for allegedly engaging in the manufacture, delivery, possession with intent to manufacture or deliver a controlled substance.

11. Plaintiff was falsely accused of selling drugs to a confidential informant from his residence, 3820 Wallace Street, Philadelphia, Pa. in April, 2003, on a date and time when plaintiff was not even at 3820 Wallace Street, Philadelphia, Pa.

12. From information and knowledge received from his family members, who were home when the defendant Police Officers came to 3820 Wallace Street, Philadelphia, Pa., plaintiff believes the defendant Officers, without probable cause, a search warrant and/or exigent circumstances, entered the premises with guns drawn and proceeded to arrest plaintiff's two sisters, brother, brother-in-law and unrelated individuals, Earl Walsh, Christopher Severs and Dante Jones, for the alleged sale of drugs to the alleged confidential informant.

13. The Philadelphia District Attorney dropped the criminal charges against plaintiff's family members but filed criminal charges against plaintiff and the three other individuals named in paragraph 13 of this Complaint.

14. Plaintiff hired criminal defense attorney Nino Tinari, paying him $12,000.00 to represent plaintiff in this criminal matter.

15. Plaintiff was held for Court after a Preliminary Hearing held on August 10, 2004 at MC # 0305-3193, the Hon. Felice R. Stack presiding, at which hearing, Defendant Reynold, committed perjury when he testified he observed Plaintiff, on April 1, 2004, hand two bags to a Christopher Seaward, a co-defendant in the case.

16. Defendant Reynold falsely testified at the preliminary hearing, mentioned in

paragraph 15 herein that he observed Plaintiff entered a house, 3824 Wallace St., Phila, Pa. which Plaintiff denies and would state that he did not enter this house on April 1, 2004, the date he was accused of doing so by Defendant Reynolds.

17. Defendant Walker was present at the Preliminary Hearing and falsely testified as did, Defendant Reynolds, that Defendant Walker was allegedly working with an informant, wh was given marked money to purchase drugs at the location near 3828 Wallace St. and that drugs were purchased by this CI from Christopher Seaward. not Plaintiff but both Defendants implied, without specific factual evidence that Plaintiff was part of a conspiracy with other co-defendants.

18. Defendant Reynolds claimed that he observed the alleged drug purchase set forth in Paragraph 17 above, while he was in a stationary vehicle, as did Defendant, Licardello.

19. The Pars Report for the alleged April 1, 2004 transaction fails to mention any involvement by Plaintiff in an transaction on that date and admits that he (Reynolds) had no idea as to the contents of the alleged 2 bags that Plaintiff was alleged to have given Seaward, which Plaintiff denies occurred.

20. Two months later Plaintiff was arrested by Defendants, Reynold, Walker and Licardello.

21. Defendant Licardello, likewise, falsely testified at the Preliminary Hearing, that Defendant Walker briefed the CI, who alleged purchased drugs, (not from Plaintiff). Defendant Licardello testified he observed Plaintiff counting money, alleged received from a co-defendant, Earl Welsh,

22. Defendant Licardello, falsely testified that as Plaintiff was counting money, he entered 3820 Wallace St., Phil. Pa.

23. Defendant Walker at the Preliminary Hearing placed the alleged CI under the control of Defendant, Licardello.at another buy, which occurred on April 16, 2004.

24. On April 16, 2004, Defendant Officers claiming to have a Search Warrant, with a falsified probable cause affidavit based on lies and falsehoods, arrived at 3820 Wallace

and arrested those present of which Plaintiif was not present because Plaintiff did not live at this address.

25. Plaintiff was held for Court based on the lies of the defendant Officers who falsely claimed and provided perjured testimony that he gave bags of unknown content to co-defendant, Christopher Seaward, who alleged went into a house and later sold drugs to a CI, controlled on different dates by the 3 Defendants, who controlled the CI and/or did surveillance of the location, 3820 Wallace st., Phila. PA.

26. The defendant Police Officers locked plaintiff up, falsely charging him with the above mentioned crimes, which plaintiff did not commit, with plaintiff being brought for arraignment to Police Headquarters at 8th and Race Streets, where plaintiff was detained until bail was set.

27. At the preliminary hearing, defendant Walker also testified that a confidential informant told Walker and the other defendant Police Officers that he (confidential informant) received a bundle from Christopher Severs while the confidential informant gave money to Earl Walsh, with no mention of plaintiff.

28. The alleged transaction, as described in paragraph 17 of this Complaint, occurred prior to plaintiff arriving at 3820 Wallace Street, but defendant Walker falsely claimed that plaintiff was part of a criminal conspiracy.

29. Despite defendant Walker not being able to testify what he (Walker) allegedly saw passed, and without even placing plaintiff at the scene of the alleged transaction, plaintiff was held for trial in Common Pleas Court.

30. Plaintiff was prosecuted under Docket No. CP-51-CR-0806021-2004, and a trial was held on January 21, 2009, the Honorable Denis P. Cohen presiding, with plaintiff being found guilty of manufacture, delivery, possession with intent to deliver (35 § 780-113 §§ A30), none of which was

true but which guilty verdict stemmed from the falsehoods and perjury of the Defendant Officers.

31. At the trial, defendant Reynolds falsely testified that plaintiff sold/delivered and that plaintiff was present when an alleged, unidentified confidential informant brought drugs from 3820 Wallace Street, even though what was allegedly sold was never identified and the alleged drugs were never introduced as evidence at trial.

32. On or about the date of April 17, 2003, plaintiff did not sell nor was he present at any sale of any drugs or controlled substances nor did he manufacture, deliver or possess with intent to manufacture or deliver or possess any controlled substance nor was plaintiff part of any conspiracy to manufacture, deliver or possess with intent to manufacture or deliver a controlled substance and was innocent of the crime of which Judge Cohen found plaintiff guilty, namely, Pennsylvania statute 35 § 780-113 §§ A30.

33. On this false testimony and false accusations, plaintiff was found guilty and sentenced to a term of imprisonment of 22-24 months followed by a 5 year period of probation, with credit for time served.

34. Plaintiff never sold any drugs to an undercover confidential informant as defendant Police Officers alleged; their allegations were false; they provided false information on their Police Department arrest report and investigative report; and provided false information to the Philadelphia District Attorney's Office.

35. Plaintiff was falsely incarcerated on the false and perjured testimony of the defendant Police Officers and was falsely imprisoned and incarcerated at the State Correctional Institution at Coal Township, where he was deprived of his friends and family, endured inhumane treatment, poor

food, health and other adverse consequences, and especially being far from his two minor children and his inability to care for his son and daughter

36. While plaintiff was incarcerated, his minor children were cared for by his sister, Monique Goldwire, who supplied them with care, food, love and affection, which plaintiff, as their father, was unable to supply because of his unlawful incarceration.

37. Plaintiff was finally paroled in 2012, after he paid fines and costs of approximately $531.00.

38. Prior to his release, plaintiff appealed to the Pennsylvania Superior Court, which issued an unpublished opinion, affirming the Philadelphia Court of Common Pleas, with the Justices relying on defendants Walker' and Reynolds' testimony that they were told that plaintiff sold drugs to a confidential informant, who never testified or was identified by defendant Officers.

39. Because he was innocent of the criminal charges of which he was found guilty, plaintiff filed a PCRA petition, which was amended approximately four times, with the last amendment alleging that the defendant Officers were corrupt and framed people with false drug charges and other related drug and gun crimes for the purpose of gaining convictions and enriching themselves with overtime pay when the defendant Police Officers testified in court.

40. That on September 5, 2014, a hearing was held before the Honorable Denis P. Cohen, at which hearing Judge Cohen granted the PCRA petition, vacated the sentence and ordered a new trial.

41. That on that same date of September 5, 2014, the Assistant District Attorney, S. Labar, nol prossed all the false charges against plaintiff, for which false and fraudulently filed charges plaintiff had already served an almost four year period of incarceration..

42. Plaintiff's conviction was derived from false and misleading information provided by the defendant Police Officers.

43. The unlawful arrest, detention and malicious prosecution in this case were the direct result of all defendants' pattern, practice and custom of subjecting citizens such as plaintiff to arrest, prosecution and incarceration in the absence of probable cause.

44. The defendant Officers acted wilfully, deliberately, maliciously and with reckless disregard of plaintiff's constitutional and statutory rights.

45. As a direct and proximate result of the actions of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial loss.

46. As a direct and proximate result of the actions of all defendants, plaintiff suffered loss of liberty by being incarcerated for approximately 4 years.

47. All defendants engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights by subjecting plaintiff to unlawful, malicious prosecution, falsification and fabrication of evidence and conspiracy.

48. The actions and conduct of the defendant Officers were caused by a policy, practice and custom of defendant, City of Philadelphia, of failing, with deliberate indifference, to supervise,

monitor and properly train narcotics officers with respect to (a) their duty to provide only truthful information in securing search and arrest warrants; (b) their duty to ensure that relationships and dealings with confidential informants and/or sources are in accord with Police Department policy and constitutional commends; (c) their duty to disclose exculpatory evidence in criminal cases; (d) their duty not to undertake arrests in the absence of lawful grounds; (e) their duty to provide accurate and truthful information to the prosecutor's office; (f) their duty to report and disclose misconduct and illegal actions of other police officers; (g) the proper execution of search warrants, and in particular, prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence; and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

49. Defendant, City of Philadelphia, has failed to properly discipline the defendant Officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests and prosecutions, thereby causing the violations in this case.

50. The above described actions of all of the defendants caused the violations of plaintiff's rights under the Fourth and Fourteenth Amendments as alleged in this Complaint.

## FIRST CAUSE OF ACTION

## FEDERAL CIVIL RIGHTS VIOLATIONS

51. The allegations set forth in paragraphs 1 through 50 inclusive are incorporated herein as if fully set forth.

52. As a direct and proximate result of defendants' above described unlawful and malicious conduct, committed under the color of State law, and while acting in that capacity, the defendants deprived plaintiff of equal protection of the laws and plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States. Plaintiff was denied the right to be free from , malicious prosecution, fabrication and falsification of evidence. to be secure in one's person and property, to access to the courts, and to due process and equal protection of the law guaranteed by the 4th and 14th Amendments of the U. S. Constitution,, all to plaintiff's great detriment and loss. As a result, plaintiff suffered grievous harm, in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

53. As a direct and proximate result of the acts and omissions of defendants, plaintiff was forced to endure deprivation of liberty and freedom as a result of the fabrication of evidence, malicious prosecution and conspiracy to initiate a malicious prosecution and a conspiracy to falsify and fabricate the Probable Cause Affidavit and the Evidence Presented At Trial and the defendant Officers perjured themselves when they falsely accused Plaintiff to be involved with persons dealing narcotics, when Plaintiff had no involvement with the Selling and Distributing Drugs/ Narcotics.

54. The City of Philadelphia permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

    a.    unjustified, unreasonable and illegal use of process by police officers;

    b.    abuse of police powers, including , malicious prosecution, falsification and fabrication of evidence and conspiracy to commit these crimes;;

    c.    misrepresenting facts in order to establish probable cause where none would otherwise exist;

    d.    arresting and incarcerating citizens without probable cause solely for the purpose of committing citizens to prison with the intention of seeking criminal prosecution based on falsification of evidence and perjury;

  e.  psychologically or emotionally unfit persons serving as police officers; and

  f.  failure of police officers to prevent, deter, report or take action against the unlawful conduct of police officers under such circumstances as presented herein.

55. Defendant, City of Philadelphia, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

  a.  unlawful detentions and unlawful arrests by police officers;

  b.  the proper exercise of police powers, including, but not limited, to the use of false information to obtain search warrants, fabrication of evidence, , malicious prosecution and unlawful detention;

  c.  the monitoring of officers who it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

  d.  the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

  e.  police officers' use of their status as police officers to employ the use of unlawful search and malicious prosecution ; fabrication of evidence and perjury to achieve ends not reasonably related to their police duties;

  f.  police officers' use of their status as police officers to employ the use of unlawful arrest, leading to malicious prosecution, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

  g.  the failure of police officers to follow established policies, procedures, directives and instructions regarding the securing of search warrants and the use of arrest powers to enable the officers to maliciously prosecute citizens under such circumstances as presented in this case;

  h.  the refusal of police officers to intervene when other officers violate the rights of citizens in their presence;

  i.  The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and

  j.  the refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

56. Defendant, City of Philadelphia, failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including, but not limited, to:

  a.  the duty to provide only truthful information in securing search and arrest warrants;

  b.  the duty to ensure that relationships and dealings with confidential information are in accord with Police Department policy and constitutional commands;

  c.  the duty to disclose exculpatory evidence in criminal cases;

  d.  their duty not to undertake arrests in the absence of lawful grounds;

  e.  the duty to provide accurate and truthful information to the prosecutor's office;

  f.  the duty to report and disclose misconduct and illegal actions of other police officers;

  g.  the improper execution of search warrants, and in particular, prohibitions on searches that go beyond those authorized by the warrant and/or involve the destruction of theft of property or evidence; and

  h.  the fabrication of evidence against an accused to justify their illegal actions and conduct.

57. Defendant, City of Philadelphia, failed to properly sanction or discipline officers who were aware of and concealed and/or aided and abetted violations of constitutional rights of individuals by other Philadelphia police officers, thereby causing and encouraging Philadelphia police, including the defendant Officers in this case, to violate the rights of citizens such as plaintiff.

58. Defendant, City of Philadelphia, is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

 a. there are excessive and chronic delays in resolving disciplinary complaints;

 b. there is a lack of consistent, rational and meaningful disciplinary and remedial actions;

 c. there is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

 d. the PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

 e. the PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations;

 f. the conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

 g. a global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

 h. there are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

 i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers;

 j. despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an early warning system;

k.  despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

l.  despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officers;

m.  IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

n.  IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

59. The City of Philadelphia was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

a.  use of information in obtaining probable cause;

b.  exercise of police powers;

c.  police officers with emotional or psychological problems;

d.  police officers' use of their status as police officers to have persons falsely arrested, maliciously prosecuted and unlawfully searched or to achieve ends not reasonably related to their police duties; and

e.  false arrest, malicious prosecution and falsified evidence planted on citizens.

60. Defendant, City of Philadelphia, failed to properly sanction or discipline officers who were aware of and concealed and/or aided and abetted violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including defendant Officers in this case, to violate the rights of citizens such as plaintiff.

61. Defendant, City of Philadelphia, failed to properly sanction or discipline officers and acquiesced to the defendant Officers' unlawful conduct after becoming aware that these particular Officers engaged in the aforementioned conduct in cases dating back to 2002, while concealing and/or

aiding and abetting in the violations of constitutional rights of citizens by these police officers, thereby causing and encouraging police officers, including defendant Officers in this case, to violate the rights of citizens such as plaintiff.

62. Defendant, City of Philadelphia, was aware and was deliberately indifferent to the unconstitutional acts and omissions of the defendant Officers when:

    a. beginning in 2001, several legal complaints alleging civil and constitutional rights of false arrests, malicious prosecutions, falsifying documents and testimony alleging the violations of the constitutional rights of citizens by the defendant Officers were filed;

    b. in 2005, former Philadelphia Police commissioner Sylvester Johnson testified at trial in the case of *Arnold Randall v. City of Philadelphia et al*, C.A. No. 04-1081 regarding the customs, policies and procedures with respect to the narcotics units generally and specifically with regard to allegations that the defendant Officers engaged in false arrests, malicious prosecutions and fabrication of evidence;

    c. in 2005, IAD was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecution and fabrication claims against the defendant Officers, as well as other members of the narcotics unit;

    d. in 2005 and later, the Philadelphia City Solicitor's Office was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecutions and fabrication claims against the defendant Officers as well as other members of the narcotics unit;

    e. the City of Philadelphia was also aware that the federal authorities were investigating these same defendant Officers for several years for the violations of citizens' civil and constitutional rights during this period of time;

    f. in 2007, the City of Philadelphia was aware of the constitutional violations by these same Officers and other officers in the narcotics units when the Third Circuit Court of Appeals denied the defendant officers' claim of qualified immunity due to their unlawful and unconstitutional actions in the case averring some of the same claims as this case - false arrest, malicious prosecution and falsification of documents. See: *Andre Blaylock v. City of Philadelphia et al*, 504 F.3d 405 (3d Cir. 2007); and

    g. in December 2012, the Philadelphia District Attorney's Office informed Philadelphia Police Commissioner Ramsey that the defendant Officers would no

longer be permitted to be witnesses in narcotic cases.

63. Defendant, City of Philadelphia, continued to permit, acquiesce, encourage, tolerate, ratify and has been deliberately indifferent to the unconstitutional acts and omissions by the defendant Officers despite the aforementioned allegations, investigations and court holdings for years.

64. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to citizens like the plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City of Philadelphia and have caused police officers, including the defendant Officers in this case, to believe that they can violate the rights of citizens with impunity, including the use of fraud and falsehood, and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

65. The actions of all defendants, acting under color of State law and/or in concert or conspiracy with each other, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in one's person and property, to be free from unlawful searches, from falsification of evidence, perjury, malicious prosecution : conspiracy to commit Constitutional Violations and crimes and to due process of law and equal protection.

66. Defendant, City of Philadelphia, and the defendant Police Officers, acting in concert and conspiracy with each other, have, by the aforementioned actions, deprived plaintiff of his constitutional and statutory rights.

67. By these actions, all defendants have deprived plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

**SECOND CAUSE OF ACTION**

## MALICIOUS PROSECUTION AND MALICIOUS ABUSE OF PROCESS OF LAW

68. The allegations set forth in paragraphs 1 through 67 inclusive are incorporated herein as if fully set forth.

69. The defendant Police Officers wrongfully, unlawfully and maliciously prosecuted plaintiff by issuing a complaint which charged him with false and fictitious crimes as stated above.

70. The actions of the defendant Police Officers as alleged in the preceding paragraphs were done purposefully with the intent of committing malicious prosecution and malicious abuse of process of law, or were done in reckless disregard of the probability of causing malicious prosecution and malicious abuse of process of law, and these actions did in fact result in malicious prosecution and malicious abuse of process of law, all to plaintiff's great detriment and loss.

## THIRD CAUSE OF ACTION

## FALSIFICATION OF EVIDENCE

71. The allegations set forth in paragraphs 1 through 64 inclusive are incorporated herein as if fully set forth.

72. The defendant Police Officers arrested plaintiff without probable cause, on falsified evidence and fabrication of evidence, caused criminal proceedings to be commenced and continued against plaintiff with malice and without probable cause, as a result whereof plaintiff was falsely imprisoned and maliciously prosecuted..

73. The defendant Police Officers caused criminal proceedings to be commenced and continued against plaintiff to accomplish a purpose for which criminal process was not designed.

74. As a direct and proximate result of the actions and omissions of the defendant Police Officers, plaintiff was falsely arrested ; falsely imprisoned, as a result of the falsification and fabrication of accusations, testimony and evidence ; maliciously prosecuted ; as a result of defendant's conspiracies to commit crimes.

75. The actions and omissions of the defendant Police Officers were done purposefully with the intent of committing false arrest and false imprisonment and/or were done in reckless disregard of the probability of causing plaintiff to be falsely arrested and falsely imprisoned and these actions did in fact result in false arrest and false imprisonment, all to plaintiff's great detriment and loss.

## FIFTH CAUSE OF ACTION

## PUNITIVE DAMAGES AGAINST DEFENDANT OFFICERS

76. The allegations set forth in paragraphs 1 through 72 inclusive are incorporated herein as if fully set forth.

74. The conduct of the defendant Police Officers was outrageous, malicious, wanton, wilful, reckless and intentionally designed to inflict harm upon plaintiff.

75. As a result of the acts of the defendant Police Officers alleged in the preceding paragraphs, plaintiff is entitled to punitive damages as to each cause of action.

76. Defendant Officers acting in concert and conspiracy , committed acts in violation of plaintiff's Constitutional Rights and against the Laws of Pennsylvania . The Defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

76. Defendant Officers acting in concert and conspiracy, committed acts in violation of plaintiff's Constitutional Rights and against the Laws of Pennsylvania. The Defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

## JURY DEMAND

76. Plaintiff demands a jury trial as to each defendant and as to each count.

WHEREFORE, plaintiff requests the following relief:

    a. compensatory damages;

    b. punitive damages;

    c. a declaratory judgment that the practices and policies complained of are unconstitutional;

    d. reasonable attorney's fees and costs; and

    e. such other and further relief as appears reasonable and just.

_____
MARGARET BOYCE FUREY, ESQUIRE
840 First Avenue, Suite 400
King of Prussia PA 19406
mboycep@aol.com
610-397-0125 (phone)
610-397-0126 (fax)