IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KHALIF GOLDWIRE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 14-5935 |
| | : | |
| **CITY OF PHILADELPHIA, PHILA.** | : | |
| **POLICE OFFICER JEFFREY** | : | |
| **WALKER, POLICE OFFICER BRIAN** | : | |
| **REYNOLDS, POLICE OFFICER** | : | |
| **THOMAS LICIARDELLO, POLICE** | : | |
| **OFFICER JOHN DOE 1** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                                                            **June 18, 2024**

Khalif Goldwire sued the City of Philadelphia and police officers alleging they violated his civil rights. He agreed to settle his claims and his counsel asked we dismiss his case under Federal Rule 41(a). We granted his counsel's request and dismissed his case without retaining further jurisdiction. Mr. Goldwire now refuses to sign the settlement agreement. The City moves to enforce a settlement agreement with Khalif Goldwire to settle his civil rights claims. Mr. Goldwire does not oppose the relief. We appreciate the City's frustration with Mr. Goldwire's apparent change of mind. And Mr. Goldwire is now out of court on a dismissed case. But Mr. Goldwire's dismissal under Federal Rule 41(a) without requesting we retain jurisdiction deprives us of jurisdiction over the dismissed case. We must deny the City's motion as we lack subject matter jurisdiction to enforce contract terms under Rule 41(a).

**I.   Facts**

Khalif Goldwire alleged the City of Philadelphia and its former officers Jeffrey Walker, Brian Reynolds, and Thomas Liciardello violated his civil rights by falsely arresting and prosecuting him.[1] Mr. Goldwire amended his complaint after the City and two Defendant officers

moved to dismiss the complaint.² We ordered the amended Complaint filed, denied the Defendants' Motions to dismiss as moot, and ordered Defendants respond to the amended Complaint by February 5, 2024.³

Counsel for Mr. Goldwire notified us on January 22, 2024 the parties reached a settlement. But we did not hear back for several days. We ordered Mr. Goldwire one week later to either file a redline version of his amended Complaint as required by our Policies and Procedures or voluntarily dismiss the case under Local Rule 41.1 by January 31, 2024.⁴ Mr. Goldwire responded by moving to voluntarily dismiss his case under Federal Rule of Civil Procedure 41(a)(2) and "applicable Local Rules of Court."⁵ We granted Mr. Goldwire's Motion, dismissed the action without prejudice under Federal Rule of Civil Procedure 41(a)(2), and directed the Clerk of Court close the case on January 30, 2024.⁶ No party asked us to retain jurisdiction to enforce the settlement or for any other purpose and no party sought dismissal under our Local Rule 41.1.

The City moved to enforce the settlement four months later.⁷ The City reports the parties agreed to settle the case but Mr. Goldwire now refuses to sign the release.⁸ The City contends there is no dispute over the terms of the settlement agreement; the issue is only Mr. Goldwire's refusal to sign the release.⁹ The City requests we enforce contract terms by ordering Mr. Goldwire deliver a signed release within ten days and to again dismiss with prejudice but this time under Local Rule 41.1(b) because the case is settled.¹⁰ Mr. Goldwire did not respond to the City's Motion.

**II.   Analysis**

The voluntary dismissal by Mr. Goldwire under Federal Rule 41(a) deprives us of jurisdiction over the dismissed case.¹¹ Enforcement of the settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."¹² As directed by the Supreme Court in *Kokkonen*, we do not have ancillary jurisdiction to enforce a

2

settlement agreement whose terms are not part of our Order of dismissal.[13] We have ancillary jurisdiction over a settlement agreement allowing us to enforce the agreement when "the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."[14] Here, the parties could have, but did not "provide for the court's enforcement of a dismissal-producing settlement agreement."[15] If an enforcement of a settlement agreement is not contained in the dismissal order, the enforcement of a settlement agreement is for the state court absent an independent basis for federal jurisdiction.[16]

We disagree with the City's argument we may grant motions to enforce unsigned settlement agreements where there is no dispute over the terms of the agreement. The cases cited by the City are distinguishable. In *Walton v. Tandy Corp.*, Judge Caracappa granted a motion to enforce settlement after dismissal under Local Rule 41.1(b).[17] The parties prepared a document at the time of the settlement agreeing the court would retain jurisdiction through the magistrate judge to enforce the settlement terms.[18] The plaintiff refused to sign the settlement agreement and the defendant moved to enforce the settlement. Judge Caracappa concluded she had jurisdiction over the motion because the parties agreed she would retain jurisdiction to enforce the settlement.[19] Unlike Judge Caracappa's thoughtful analysis in *Walton*, the parties here have no such agreement.

Judge Weiner's analysis in *Kasser Industries, Inc. v. Yohalem Gillman & Company* is also distinguishable. In *Kasser Industries,* the parties in a business dispute orally negotiated a settlement agreement contemporaneously transcribed and later reduced to writing.[20] The transcript confirmed the parties agreed the court "shall retain jurisdiction to adjudicate any dispute in respect of the settlement."[21] Defendant then refused to execute the written settlement agreement. Judge

3

Weiner granted the plaintiff's motion to enforce the parties' settlement agreement, reasoning the transcript established the terms of the contract and the parties specifically agreed to the court's retention of jurisdiction to adjudicate settlement disputes.[22] We lack such agreement here.

The City's reliance on *Kozierachi v. Perez* is also misplaced in our fact pattern. The parties reached a settlement in a settlement conference with Judge Sitarski.[23] Judge Jones entered an order dismissing the case with prejudice under Local Rule 41.1(b).[24] Approximately two weeks later, defendant's counsel emailed plaintiff's counsel with a copy of the settlement agreement and release. Plaintiff refused to sign after a period of two months. Defendant moved to enforce the settlement agreement and plaintiff moved to vacate Judge Jones's Rule 41.1(b) Order dismissing the case.[25]

Judge Sitarski first examined whether she had jurisdiction over the motion to enforce the settlement agreement. She concluded we do not have jurisdiction to enforce a settlement agreement if it is the basis of, but not incorporated into, the court's order of judgment.[26] She concluded she did not have jurisdiction to enforce the settlement agreement unless Judge Jones's Order dismissing the case is vacated or modified.[27] And because Judge Jones entered an Order dismissing the case under Local Rule 41.1(b) allowing him to retain jurisdiction for ninety days, Judge Sitarski recommended, on a finding of timely filing and good cause, the case be re-opened solely to address the motion to enforce.[28] But unlike *Kozierachi*, we dismissed Mr. Goldwire's case under Federal Rule 41(a)(2) ***not*** Local Rule 41.1 which, by its terms, allows a Rule 41.1 order to be "vacated, modified, or stricken from the record, for good cause shown" on motion within ninety days.

None of the cases cited by the City support a finding of our jurisdiction. Under *Kokkonen*, overseeing the enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit" and "requires its own basis for jurisdiction."[29] The terms of the settlement

4

agreement here are not made part of our Order of dismissal and we did not dismiss under Local Rule 41.1(b) which would have allowed us to retain jurisdiction. Even if we had done so, well over ninety days have passed since our January 30, 2024 dismissal order.

## III. Conclusion

We deny the City's Motion to enforce the settlement agreement without prejudice for it to enforce its perceived remedy in state court. The case remains closed.

---

[1] ECF No. 28. This case is one of dozens of civil rights lawsuits arising from alleged misconduct by members of the Philadelphia Police Department's Narcotics Field Unit. Judge Diamond selected *McIntyre v. Liciardello*, No. 13-2773, as the bellwether case, putting the other cases in suspense. Additional bellwether cases were identified and either settled or went to trial. ECF No. 25. Judge Diamond lifted the stay on the remaining non-bellwether cases on November 15, 2023, and on November 16, 2023, the Clerk of Court reassigned Mr. Goldwire's case from Judge Diamond's calendar to our calendar. ECF No. 10.

[2] ECF No. 28.

[3] ECF No. 27.

[4] ECF No. 29.

[5] ECF No. 30. Federal Rule 41(a)(1) allows a plaintiff to dismiss an action without court order by filing either (i) a notice of dismissal before the defendant serves either an answer or motion for summary judgment or (ii) a stipulation of dismissal signed by all parties. Fed. R. Civ. P. 41(a)(1)(A)(i), (ii). Voluntary dismissal under Rule 41(a)(1)(A)(i) is a notice, not a motion, with "automatic" effect. *In re Bath and Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). Federal Rule 41(a)(2) applies to the dismissal of actions at plaintiff's request only by court order if the defendant did not "serve either an answer or a motion for summary judgment" or a stipulation of dismissal under Rule 41(a)(1)(A)(i), (ii).

Local Rule 41.1(b) provides: "Whenever in any civil action counsel shall notify the deputy clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the deputy clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for good cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c)."

---

[6] ECF No. 31.

[7] ECF  No. 32.

[8] *Id.* ¶ 5.

[9] *Id.*

[10] *Id.* ¶¶ 7–8.

[11] *Schiavone v. State Farm Ins. Co.*, No. 22-3245, 2023 WL 4785512, at *1, n. 4 (3d Cir. July 27, 2023) (per curiam) (citing *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 999, 407 (3d Cir. 2016)).

[12] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

[13] *Id.* at 380–81.

[14] *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 294 (3d Cir. 2016) (quoting *Kokkonen*, 511 U.S. at 381).

[15] *Kokkonen*, 511 U.S. at 381.

[16] *Id.* at 381–82.

[17] *Walton v. Tandy Corp.*, No. 01-1966, 2002 U.S. Dist. LEXIS 17308 (E.D. Pa. Sept. 10, 2002).

[18] *Id.* at *2.

[19] *Id.* at *2–*4.

[20] *Kasser Indus., Inc. v. Yohalem Gillman & Co.*, No. 89-6640, 1990 WL 87509 (E.D. Pa. June 19, 1990).

[21] *Id.* at *1.

[22] *Id.* at *2–*4.

[23] *Kozierachi v. Perez*, No. 10-7570, 2014 WL 1378268 (E.D. Pa. Apr. 8, 2014).

[24] *Id.* at *1.

[25] *Id.* at *2.

[26] *Id.*

---

[27] *Id.*

[28] *Id.*

[29] *Kokkonen*, 511 U.S. at 378.